## GOMORY v. CANTOR-SHAW CO. et al.

Ohio Appeals, Ninth District, Summit County.

Decided October 11, 1928.

Commins, Brouse, Englebeck & McDowell, Bruce W. Bierce, Akron, for plaintiff and intervening defendants.

Slabaugh, Seiberling, Huber & Guinther, Harris & Holub, . Akron, for defendant Cantor-Shaw Co.

## OPINION

Per CURIAM.

This is an action in which it is sought to enjoin the defendant The Cantor-Shaw Co. from constructing a business build-

ing upon a lot in a certain allotment, in violation of the restrictions contained in the deeds for said lot.

While there were some intervening defendants, who sought the same relief as prayed for by the plaintiff, we will, in disposing of the case, refer to the parties as if there were no others except the plaintiff and the original defendant.

At the hearing for a temporary injunction, the defendant urged as a defense a prior adjudication in a suit between certain lot owners and the former owners of the defendant's property, and upon full consideration it was determined by a judge of the Court of Appeals from another district that said suit was not brought in good faith and constituted no defense to this action. With that conclusion we are in full accord.

The evidence in this case discloses that the lot in question is within a large allotment, consisting of more than 550 lots; that the allotter adopted a uniform scheme of restrictions; that all but eight of the lots were restricted to residence purposes, and the eight which were set aside in the plan for business purposes were especially restricted as to the buildings to be erected for business purposes; that all of the deeds given by the original allotter contained these uniform restrictions and expressly provided that the restrictions were for the benefit of all of the lot owners in said allotment.

It further appears that there has been no violations of said restrictions of any character or description in the allotment, except the one now being made by the defendants; that the building being erected by the defendants is a violation of the restrictions as to the purposes for which the lot may be used and as to the set-back lines specified in the restrictions, and that the claim of the defendant principally urged at the trial of this case, by which it attempts to justify its violation of the restrictions, is that there has been such a change in the immediate neighborhood as to justify a court of equity in refusing to enforce the restrictions within said allotment.

While it may be that development and change in the character and use of property near to but without an allotment may be such as to justify a court of equity in refusing to enforce restrictions within an allotment, we find from the evidence in this case that the changes without the allotment and adjacent thereto, are not of such a substantial character and extent as to justify a court of equity in refusing to enforce the restrictions within the allotment, which were created in the manner, and have been so uniformly observed, as shown by the evidence in this case.

A decree may be drawn in favor of the plaintiff, enjoining

the defendant from the use of said premises in the manner contemplated by it, and ordering the removal of the building now partly erected on said lot.

WASHBURN, PJ, and FUNK, and PARDEE, JJ, concur in judgment.